## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

RUBEN REYES CRUZ, an
individual, and REBECCA CASTRO
CUADRADO, an individual,

       Plaintiffs,

v.                                                     Case No. 3:20-cv-1367-TJC-JRK

GEICO GENERAL INSURANCE
COMPANY,

       Defendant.

_____

## O R D E R

Upon review, plaintiffs' motion to remand (Doc. 10), to which defendant responded in opposition (Doc. 16),[1] is **denied**.   The Court finds defendant has demonstrated by a preponderance of the evidence that at the time of removal of this uninsured motorist auto accident case, both plaintiffs were seeking damages in excess of $75,000.00, based on their detailed description of past medical treatment (which, for plaintiff Ruben Reyes Cruz exceeded $70,000, and for plaintiff Rebecca Castro-Cuadrado exceeded $28,000) and the reports regarding their future medical needs (showing amounts in excess of $50,000 for each plaintiff) included in plaintiffs' civil remedy notices and demand letters,

---

[1] Defendant is cautioned against its practice of including nearly every citation in a footnote instead of in the body of the filing.

which defendant filed in support of its notice of removal (Doc. 3 at Exs. 4, 5, 7 & 8).[2]  See, e.g., Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061 (11th Cir. 2010) (explaining that defendant may meet its burden by providing evidence beyond the face of a complaint to show that the amount in controversy is satisfied); Kilmer v. Stryker Corp., No. 5:14-cv-456-Oc-34PRL, 2014 WL 5454385, *3-4 (M.D. Fla. Oct. 27, 2014) (finding defendant satisfied its burden of demonstrating amount in controversy where it produced demand letter which included past medical bills of $72,792.92, doctor's assessment of future medical care in excess of $50,000, and claim for future pain and economic losses). Contrary to plaintiffs' assertion, whether defendant believes there is any merit to plaintiffs' claims is not determinative of whether the amount in controversy is satisfied.

The Court will separately issue a Case Management and Scheduling Order and Order of Referral to Mediation.

**DONE AND ORDERED** in Jacksonville, Florida this 11th day of February, 2021.



TIMOTHY J. CORRIGAN
United States District Judge

---

[2] The parties' citizenship is diverse; plaintiffs have not argued otherwise.

s.
Copies:
Counsel of record